NEW YORK,
May, 1824.

Pitcher
v.
Pierce.

"that, as he, this deponent, verily believes, this ejectmen will involve a question between tenants in common."

SAVAGE, Ch. J. He should swear that he is a tenant in common.

*Davis.* It is a question of law, whether he is so or not. He can do no more than state his belief.

SAVAGE, Ch. J. He can take the advice of counsel. At least, he must swear that he *claims* as a tenant in common. That he believes the ejectment will involve a question between tenants in common is not enough.

*J. A. Collier,* opposed the motion. He cited *Jackson* v. *Lyons,* (18 John. 398.)

Motion denied.

---

### ANONYMOUS.

Motion for a new trial for irregularity and newly discovered evidence, is an enumerated motion.

CURIA, per SAVAGE, Ch. J. Where a motion for a new trial is founded both upon irregularity and newly discovered evidence, it is an enumerated motion.(a)

And the counsel having moved the matter as a non-enumerated motion, the papers were returned without farther consideration.

(a) Vid. *Remsen* v. *Isaacs,* 1 Caines' Rep. 22 ; *Foden & Slater* v. *Sharp* 4 John. Rep. 183.

---

### PITCHER *against* PIERCE.

:tiorari
le out
...term, but
returned by
the justice,

D. L. VANDERHEYDEN, moved to set aside a writ of cer tiorari, on the ground that it was returnable the 5th January amended without costs.

1824, which was out of term.   The Justice had made a return.

NEW YORK,<br>May, 1824.

---

Bogart
v.
Brinkerho

*William M'Manus & John Woodworth, jun.* contra, moved to amend.

*Curia.*   We grant the motion to amend, without costs.

---

HAZARD *against* HENRY, executor of POTTER.

THE First Judge of Ontario Common Pleas had, on the 13th April last, granted an order, absolute in the first instance, that the plaintiff's attorney furnish a bill of particulars in 20 days, and that all proceedings on the part of the plaintiff be stayed until such bill should be furnished.   On the 15th April, *Wm. M. Oliver,* Esq. the plaintiff's attorney, requested the Judge to vacate this order, because it was absolute, which he declined doing ; and now I moved to set it aside, because it should have been in the alternative, as was decided in the first volume of my reports, in *Brewster* v. *Sackett,* p. 571.

Order for bill<br>of particulars<br>absolute in the<br>first instance<br>The judge is<br>requested to<br>vacate the or-<br>der for that<br>reason, which<br>he refuses to<br>do.<br>Order, there-<br>fore, set aside<br>for irregulari-<br>ty.

*J. L. Riker,* contra.

*Curia.*   Take your rule.

Motion granted.

---

BOGART *against* BRINKERHOFF.

SLANDER in the New York Common Pleas, removed by *habeas corpus,* returnable in May term, 1823.   Special bail was put in on the 6th August last, and notice thereof given

The    two<br>terms   within<br>which a plain-<br>tiff is allowed<br>to declare on

a *habeas corpus* must be reckoned inclusive of the term at which bail is put in.
    Motion to set aside declaration served after that time ; but because the plaintiff showed a good excuse for the delay, the motion was denied.
    And so the plaintiff does not *absolutely* lose his right to declare, though two terms pass.